

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Stirling T. Phelps
County Attorney
Webb County
Laredo, Texas

Dear Sir:

Opinion No. 0-1847
Re: Authority of Attorney General to
render opinions looking to the cor-
rection of errors conceived to have
been committed by the courts of Texas

In your letter of January 10, 1940, you advise that
the Honorable Earl D. Scott, County Judge of Atascosa County,
Texas has refused to docket the birth certificate of Ignacio
Idrogo, Jr., forwarded to said County Judge in proper form
by your County Clerk, holding that House Bill No. 614, Acts
of the 46th Legislature, purporting to require such duties
to be performed by the probate courts, is unconstitutional
in that it places or attempts to place jurisdiction upon
the county court, acting as a probate court, to perform an
act beyond the jurisdiction of such court as fixed by the
Constitution of Texas.

It thus appears from your letter that the County
Judge of Atascosa County, Texas has judicially determined
that House Bill No. 614, Acts of the 46th Legislature, is
unconstitutional and therefore does not lawfully vest him
with jurisdiction to perform the act requested to be done
by him. You ask that this department express its opinion
in regard to the constitutionality of House Bill No. 614,
in order "to remedy the untoward situation created by Judge
Scott's refusal to follow the law as enacted by our Legis-
lature."

We have given careful consideration to your request,
and have determined that, under the circumstances, we must
decline to render the opinion which you request.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

It is not within the proper scope of the functions of this department to serve as a quasi appellate tribunal for the correction of what are conceived to be errors committed by the courts of this state. The method for reviewing and correcting such errors does not lie in an appeal to this department for an opinion upon a disputed question, but in action by the proper reviewing tribunal.

An authoritative determination of the question involved in your inquiry may be had through the prosecution of a mandamus proceeding against the County Judge to compel the performance of the duties required of him by House Bill 614, Acts of the 46th Legislature.

We must, therefore, respectfully decline to answer your inquiry.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
     Assistant

RWF:pbp

APPROVED APR 11, 1940

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN